# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Antrell Jermaine Fordham, | Case No 2:18-cv-1161-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Francine Bachman, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 7). For the reasons set forth below, this Court adopts the R & R in part,[1] and denies Plaintiff's Motion to Proceed *in forma pauperis*. (Dkt. No. 2.)

## I. Background

Plaintiff, a state prisoner, filed this action *pro se* and has moved the Court to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) Plaintiff is currently in the custody of the South Carolina Department of Corrections ("SCDC") at Lieber Correctional Institution. (Dkt. No. 1.) Plaintiff filed a claim under 42 U.S.C. § 1983, alleging that in November 2017 he was brought in for a disciplinary hearing, but the discipline was ultimately dealt with "administratively" rather than by a Disciplinary Hearing Officer ("DHO"). (Dkt. No. 1 at 5.) Plaintiff alleges that this was "against SCDC policy" and that the imposed discipline has caused "emotional injury" and a "hardship" because it has prevented his family members from ordering food packages for him. (Dkt. No. 1 at 5 – 6.) Plaintiff alleges that Defendant violated the Fifth and Fourteenth Amendments because he was "twice put in jeopardy of life (i.e.: restricted privileges)." (Dkt. No. 1 at 4.)

---

[1] The Court does not adopt the R & R's citation to *In re McDonald*, 489 U.S. 180, 184 (1989) on page 8.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Plaintiff has not filed objections, and therefore the R & R is reviewed for clear error.

## III. Discussion

As the Magistrate Judge correctly noted, Plaintiff received three strikes under 28 U.S.C. § 1915(g),[2] and therefore must pay the Court's filing fee or show that he is under imminent danger of serious physical injury. Plaintiff, in the Complaint section titled "injuries," makes no allegation that he is under threat of any serious physical injury, and instead speaks of an "emotional injury" and a "hardship." (Dkt. No. 1 at 6.) Plaintiff has failed to show that he is under imminent danger of serious physical injury and therefore is statutorily barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Furthermore, even if Plaintiff were not statutorily barred, the Fourth Circuit has held that courts have "'discretionary authority to deny [*in forma pauperis*] status to

---

[2] For the reasons explained in the R & R, the three cases that count as strikes are: *Fordham v. Bachman*, Case Nos. 2:16-cv-945-RMG-MGB, *Fordham v. Bachman, et al.*, and 2:16-cv-249-RMG-MGB; and *Fordham v. Coker et al.*, 8:05-cv-2230-CMC-BHH.

prisoners who have abused the privilege' even when three strikes are not present." *Tolbert v. Stevenson*, 635 F.3d 646, 654 (4th Cir. 2011) *citing Butler v. Dep't of Justice*, 492 F.3d 440, 444 (D.C. Cir.2007). Plaintiff has previously filed at least twelve Complaints that have been dismissed or were subject to summary judgment.[3] Therefore, even if Plaintiff were not statutorily barred, this Court has discretionary authority to deny Plaintiff from proceeding *in forma pauperis* and requiring payment of the filing fees.

Courts in this District have previously provided plaintiffs with twenty-one days to pay the filing fee before a case is dismissed. *See Blakely v. White*, No. CV 6:15-03782-MGL, 2015 WL 6549172, at *2 (D.S.C. Oct. 27, 2015). Plaintiff therefore must pay the filing fee within twenty-one days of the issuance of this Order.

## IV. Conclusion

For the reasons set forth above, the Court adopts the R & R in part (Dkt. No. 7). Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED**. Plaintiff shall have twenty-one days from the date of the entry of this order to pay the Court's filing fee. If Plaintiff fails to pay the fee within this twenty-one day period, the Clerk shall dismiss this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 6, 2018
Charleston, South Carolina

---

[3] *See* Case Nos. 2:15-cv-9; 6:14-cv-1093; 2:13-2596; 2:13-875; 2:12-974; 8:08-4110; 2:07-2828; 2:07-2699; 8:06-0807; 8:05-2230; 2:16-cv-945 2:16-cv-249.